# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5597 | **DATE** | 9/17/2010 |
| **CASE TITLE** | Waller, et al. vs. Wood, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiffs' motion to establish procedural safeguards in lieu of class certification [96] is denied. Defendant Federal Deposit Insurance Corporation's motion to dismiss or stay pending exhaustion [109] is granted in part and denied in part. This case is stayed as to all parties for a period of 90 days from the date of this order. If exhaustion is not yet completed, the attorneys for the FDIC are directed to schedule a status hearing with the district court at the end of the 90-day stay.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Currently before the court in this action brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., are two non-dispositive motions. First, plaintiffs have filed a motion "to establish procedural safeguards in lieu of class certification, or in the alternative, set a schedule to address class certification." Defendant Federal Deposit Insurance Corporation (FDIC) as Receiver for Amcore Investment Group, N.A., has filed a motion "to dismiss or, alternatively, to stay pending the exhaustion of administrative remedies." For the reasons stated below, plaintiffs' motion is denied, and FDIC's motion is denied as to its request for dismissal and granted as to its request for a stay.

I. ESTABLISH PROCEDURAL SAFEGUARDS

In their complaint, plaintiffs allege that defendants breached various fiduciary duties during their administration of the Rockford Products Corporation Employee Stock Ownership Plan (ESOP) and the Savings and Retirement Plan (SRP). Plaintiffs' suit seeks relief pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), on behalf of all the participants of the ESOP and SRP plans. In their motion, plaintiffs assert that they are entitled to proceed on their claims under § 502(a)(2) without needing to comply with the requirements for class certification found in Federal Rule of Civil Procedure 23. Nevertheless, plaintiffs ask the court to establish procedural safeguards similar to the ones adopted in Fish v. GreatBanc Trust Co., 667 F. Supp. 2d 949 (N.D. Ill. 2009), such as making a determination that plaintiffs are adequate representatives and providing notice to the plan members of any settlement or resolution of the claims. All defendants oppose this suggestion and urge the court to require plaintiffs to proceed under Rule 23. The court is not persuaded that plaintiffs can proceed in the manner they suggest, and in any event, finds that the procedural protections contained in Rule 23 are more appropriate to use in this case than a judicially-created procedure.

At the heart of plaintiffs' argument is the premise that any relief obtained in a suit brought pursuant to

**STATEMENT**

§ 502(a)(2) inures to the benefit of the plan as a whole, not an individual participant, and therefore such a suit is necessarily on behalf of all the plan's participants. However, this premise is inconsistent with the Supreme Court's recent holding in LaRue v. DeWolff, Boberg & Associates, Inc., 552 U.S. 248 (2008), that, in the context of a defined contribution plan, § 502(a)(2) "does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." Id. at 256; see also Rogers v. Baxter Int'l Inc., 521 F.3d 702, 705 (7th Cir. 2008) (citing LaRue and holding that "§ 502(a)(2) . . . may be used by the beneficiary of a defined-contribution account that suffers a loss, even though other participants are uninjured by the acts said to constitute a breach of fiduciary duty"). Thus, the mere fact that plaintiffs filed suit under § 502(a)(2) alleging various breaches of fiduciary duties does not automatically convert this case into an action on behalf of all plan participants.

The LaRue holding also shines a light on plaintiffs' claim that class certification under Rule 23 is not required in order to proceed with a claim under § 502(a)(2). That is entirely correct where the plaintiff is only seeking to recover for the loss to his or her individual account. See Bendaoud v. Hodgson, 578 F. Supp. 2d 257, 266 (D. Mass. 2008) ("The negative implication of [the LaRue] holding is clear: One defined contribution plan participant has no pecuniary interest in the accounts of another. If a defined contribution plan participant sues for a breach of fiduciary duty, his financial recovery must be entirely, and only, to his own accounts."). "Of course, a fiduciary's breaches can affect more than one defined contribution plan participant. In that situation, though, the proper approach is joinder of the affected participants or the certification of a class." Id. Thus, although class certification under Rule 23 is not mandatory for cases brought pursuant to § 502(a)(2), it is the proper method to employ if the plaintiff is also seeking to represent the interests of similarly situated participants. Moreover, this court is not convinced by the Fish opinion that the requirements of Rule 23 should be set aside in a case such as this one, especially given that the Fish opinion did not cite or discuss the implications of the Supreme Court's holding in LaRue.

Accordingly, the court denies plaintiffs' motion to establish procedural safeguards in lieu of class certification. If plaintiffs wish to represent the interests of other plan participants, as it seems they do based on their amended complaint, they must first meet the requirements for class certification found in Rule 23. As for plaintiffs' alternative request to set a schedule for the presentation of a motion for class certification, the parties are referred to the Magistrate Judge who will set the appropriate timetable and address any related discovery concerns.

II. MOTION TO DISMISS OR STAY

Defendant FDIC, who was appointed as a Receiver for Amcore Investment Group, N.A. after the commencement of this lawsuit, has filed a motion to dismiss or stay the case pending the exhaustion of administrative remedies. The Financial Institutions, Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub. L. No. 101-73, § 183 et seq., provides an administrative claims process that must be followed before a claim against a failed institution can be filed or continued in the district court. See 12 U.S.C. § 1821(d)(3)-(5); Maher v. Harris Trust & Sav. Bank, 75 F.3d 1182, 1190 (7th Cir. 1996) ("Compliance with the FIRREA process is a strict jurisdictional prerequisite to a claim in federal district court against the receiver."). In general, after a claim has been filed with the FDIC, the FDIC has 180 days to determine whether to allow or disallow the claim and to notify the claimant of its determination. 12 U.S.C. § 1821(d)(5)(A)(i). The claimant then has 60 days from the end of the 180-day period or the date of any notice of disallowance to request an administrative review of the claim or to file suit on the claim or continue an action commenced before the appointment of the receiver in the district court. Id. § 1821(d)(6)(A). The filing of a claim with the FDIC "shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." Id. § 1821(d)(5)(F)(ii).

As an initial matter, the court has not been presented with any basis to dismiss the complaint, and a dismissal appears to be inconsistent with the statutory language. See id. (providing that a claimant's right "to

**STATEMENT**

continue any action which was filed before the appointment of the receiver" shall not be prejudiced); id. § 1821(d)(6)(A) (providing that a claimant may "continue an action commenced before the appointment of the receiver" within 60 days of the conclusion of the administrative claims period). As such, that portion of FDIC's motion seeking a dismissal is denied.

On the other hand, FDIC's request for a stay is well-taken. In fact, both the plaintiffs and the individual defendants agree that some type of stay is warranted in this case, although they disagree on the exact contours of the stay. In determining the length and nature of the stay to be imposed in this case, the court is guided by 12 U.S.C. § 1821(d)(12), which provides, in general, that the FDIC as receiver may request a stay "for a period not to exceed . . . 90 days" in any judicial action or proceeding to which it has become a party. Id. § 1821(d)(12)(A). Upon receipt of a request for a stay, "the court shall grant such stay as to all parties." Id. § 1821(d)(12)(B). Given this statutory mandate, the court finds that a stay of 90 days from the date of this order as to all parties in the case is the most appropriate relief.

The court recognizes the possibility that the 180-day review period for plaintiffs' administrative claims may not be concluded by that time. Nevertheless, the court does not find it prudent to impose a longer stay than is allowed under § 1821(d)(12), especially where it is at least possible that the claims may be exhausted within 90 days of this order. If exhaustion is not yet completed, however, the attorneys for the FDIC are directed to schedule a status hearing with the district court at the end of the 90-day stay period and the court will consider at that time whether a further stay is necessary. The court is not inclined to allow the case to proceed only against some of the defendants if an additional short stay will allow the case to proceed against all the defendants.

As a final note, the parties have requested that certain conditions be placed on the stay. The court does not find these conditions to be appropriate. Specifically, the court finds that plaintiffs' request for the stay order to direct the FDIC "to preserve all hard copy and electronic documents relating [to] this litigation" is unnecessary given the recordkeeping requirement in 12 U.S.C. § 1821(d)(15)(D). The individual defendants' request that the stay be conditioned on the production of certain discovery materials is not supported by any authority and is antithetical to the purpose behind the statutory directive that the court must impose a stay upon the FDIC's request after it has been appointed as receiver. Any future discovery requests or requests for sanctions for the FDIC's failure to comply with its discovery obligations should be directed to the Magistrate Judge after the stay has been lifted, and the court expresses no opinion on those matters at this time.